U.S. MAGISTRATE COURT
JSH - SDTX
FILED
NOV 0 4 2010 2B
CLERK OF COURT
LAREDO DIVISION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. L-10-2217 |
| JOSE TRINIDAD MATA-MENDEZ | § | |

## PLEA AGREEMENT

The United States of America, by and through José Angel Moreno, United States Attorney for the Southern District of Texas, and Frank T. Pimentel, Assistant United States Attorney, and Defendant, JOSE TRINIDAD MATA-MENDEZ, and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with REENTRY OF A REMOVED ALIEN in violation of Title 8, United States Code §1326(a). Defendant, by entering this plea and plea agreement, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 8, United States Code, § 1326, is a <u>maximum term of imprisonment of not more than twenty (20) years</u>, a fine of not more than <u>$250,000.00</u>, and a period of supervised release of not more than <u>three (3)</u> years. Title 18, U.S.C. §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4. Defendant understands that under the relevant statutes and United States Sentencing Guidelines, the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the Government for the costs of any imprisonment or term of supervised release, if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. Defendant understands the Court will determine the amount of full restitution to compensate all victim(s).

6. Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (Form OBD-500), by the deadline set by the United States, or if no deadline is set, no later than sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees to discuss or answer any questions by the United States relating to the Defendant's complete financial disclosure. Further, the Defendant agrees to make full restitution to any and all victim(s) of the offenses the Indictment charges against the Defendant regardless of the count(s) of conviction.

### Potential Immigration Consequences

7. The Defendant understands if he is not a citizen of the United States, his plea of guilty will result in a criminal conviction that could lead to his subsequent deportation, removal and/or exclusion from the United States. This conviction could also lead to the Defendant's being permanently barred from legally entering the United States after being deported or removed. In addition, the Defendant's attorney has advised the Defendant of the potential immigration consequences that could come about as a result of the Defendant's plea of guilty. After understanding the potential immigration consequences of pleading guilty, the Defendant still wishes to plead guilty as detailed in this plea agreement.

### Waiver of Appeal

8. Defendant is aware that Title 18, U.S.C. §3742, affords a defendant the right to appeal a conviction and appeal the sentence imposed. Defendant agrees to waive the right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel,

the United States, or the Probation Office is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

11. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c) If Defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and Defendant's guideline offense level prior to applying U.S.S.G. Section 3E1.1(a) is 16 or higher, the United States agrees to move the Court grant Defendant an additional one (1) level reduction in the Defendant's guideline offense level for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(b) based on the Defendant's timely notifying authorities of Defendant's intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources effectively.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under statutory and guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, as well as the provisions of Title 18, U.S.C. §3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult

the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for any of those reasons alone or in combination, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a Defendant include the following:

(a) Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he **is** guilty of the charges contained in Count One of the Indictment, and the facts set forth by the United States meet the elements of the crime he is pleading guilty to on this date. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

The Defendant, JOSE TRINIDAD MATA-MENDEZ, is a native and citizen of Mexico with no documents allowing him to enter, travel through, or remain in the United States. The Defendant was removed from the United States on or about June 16, 2006, from Hidalgo, Texas. The Defendant was thereafter found in the United States on or about September 18, 2010, in Laredo, Texas, near the Paul Garza Ranch. There is no record that the Defendant has ever applied for or received the permission of the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter or re-apply for admission to the United States subsequent to his removal.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, but Defendant's plea and sentence will stand. If at any time Defendant

retains, conceals or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, can and will be used against Defendant in any prosecution. Additionally, all statements made pursuant to this plea agreement will be admissible against Defendant who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

17. Whether Defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which Defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

**Forfeiture**

18. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees to forfeit whatever interest he may have in assets related to this case, including those assets listed in the Indictment. In addition, Defendant agrees to waive

any and all interest in any asset which is the subject of any related administrative or judicial forfeiture proceeding, whether such proceeding is criminal or civil, or based on state or federal law.

19. Defendant consents to any agreed order of forfeiture or judgment, and further Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks that have custody of Defendant's assets to deliver all funds and records of such assets to the United States. Defendant agrees to forfeit whatever interest Defendant has in assets related to this case. Defendant further stipulates and agrees that the property listed in the Indictment is subject to forfeiture. Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following Defendant's sentencing pursuant to Fed.R.Crim. P. 32.2(b)(3). Defendant further waives any right to challenge the forfeiture of property, in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

20. This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant and his counsel. No promises or representations have been

made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

21. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Laredo, Texas, on __Nov 4__, 2010.

_____
JOSE TRINIDAD MATA-MENDEZ
Defendant

Subscribed and sworn to before me on __Nov 4__, 2010.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JOSE ANGEL MORENO
United States Attorney

By:
_____
for FRANK T. PIMENTEL
Assistant United States Attorney

_____
JOE JACINTO
Attorney for Defendant